UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUC A. JEAN,

                Petitioner,

-vs-                                            Case No.  8:08-cv-398-T-24EAJ

SECRETARY, DEPARTMENT OF
CORRECTIONS, ATTORNEY GENERAL,
STATE OF FLORIDA,

                Respondents.
_____/

**ORDER**

This cause is before the Court on Petitioner Luc A. Jean's 28 U.S.C. § 2254 petition for writ of habeas corpus. Jean originally filed his petition in the United States District Court for the Southern District of Florida. That Court transferred the case to the United States District Court for the Middle District of Florida, Jacksonville Division, which then transferred the case to the Tampa Division.

Jean challenges his March 22, 2006, conviction and sentence for trafficking in cocaine entered by the Circuit Court for the Tenth Judicial Circuit, Polk County, Florida in case number 05-005844.

## Procedural History

Jean did not file a direct appeal. However, on January 9, 2007, he filed a motion for a belated appeal in the state trial court raising one issue. (See Petition, p. 4). After a hearing, the state trial court found:

> This cause was heard before the Court on May 21, 2007 (see attached transcript of hearing), upon Defendant's Petition for a Belated Appeal, and the Court having taken testimony and being otherwise fully advised in the premises, finds that the Defendant, Luc A. Jean, pled in this cause with no reservation for appeal and there is no proof that the Defendant requested that his attorney file an appeal on his behalf, therefore it is
>
> The finding and recommendation of the Commissioner that the Defendant's Petition for a Belated Appeal should be dismissed.
>
> Done and Ordered at Bartow, Polk County, Florida, this 1st day of June, 2007.

(Petitioner's Exhibit A).

On June 22, 2007, the state district court of appeal affirmed this denial of relief by denying Jean's petition for belated appeal. (Petitioner's Exhibit B).

Jean signed his present federal petition for writ of habeas corpus on December 18, 2007. The petition is untimely.

## AEDPA Standard for Timeliness

The Anti-Terrorism and Effective Death Penalty Act created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...." 28 U.S.C. §2244(d)(1)(A).

Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Because Jean did not file a direct appeal, his conviction and sentence became final 30 days after March 22, 2006, or April 23, 2006. Two hundred and sixty-one (261) days of the one-year period elapsed before he filed his petition for belated appeal on January 9, 2007. Jean had one hundred and four days (104) days remaining in the one-year period. The one-year period was tolled from January 9, 2007 until June 22, 2007, when the state district court of appeal denied his petition for a belated appeal. The one year tolling period began to run again on June 23, 2007. Then one hundred seventy-eight (178) days elapsed before Jean signed his federal petition for writ of habeas corpus on December 18, 2007. The two periods of time during which the one-year period was not tolled are 261 days and 178 days. (261+178 days = 439 days) Therefore, the total number of days that were not tolled after Jean's petition became final on direct review is 439 days, and the petition is time-barred.

Jean has not shown that exceptional circumstances warrant equitable tolling in his case.

Accordingly, the Court orders:

That Jean's petition is denied, as time-barred. The Clerk is directed to enter judgment against Jean and to close this case.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on February 29, 2008.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Luc A. Jean